United States District Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| JUSTIN E. MANLEY, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CONSUMER PROTECTION DIRECT, INC. d/b/a NATIONAL VEHICLE HEADQUARTERS<br><br>  Defendant. | **JURY TRIAL DEMANDED**<br>`FILED: JULY 03, 2008`<br>Case No. `08CV3810`<br>`JUDGE CASTILLO`<br>`MAGISTRATE JUDGE VALDEZ`<br>`RCC` |

## Class-Action Complaint

Plaintiff Justin E. Manley, by his attorneys Green Jacobson & Butsch, P.C., and James X. Bormes, P.C., individually and on behalf of all others similarly situated, states:

### Parties, Jurisdiction, and Venue

1.   Manley resides in Cook County, Illinois, which is located in this judicial district.

2.   Defendant Consumer Protection Direct, Inc. d/b/a National Vehicle Headquarters ("National Vehicle Headquarters") is a corporation organized under Missouri law. Its principal place of business is in Missouri.

3. Manley is asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681n and § 1681o. This Court has subject-matter jurisdiction under 15 U.S.C. § 1681p, which grants district courts jurisdiction over all actions to enforce liability created under the Fair Credit Reporting Act.

4. National Vehicle Headquarters is subject to the personal jurisdiction of this Court under Rule 4(k)1(A) of the Federal Rules of Civil Procedure because National Vehicle Headquarters would be subject to the jurisdiction of courts of general jurisdiction in Illinois.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) because National Vehicle Headquarters is subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Allegations Common to All Claims

6. In approximately June 2008, Manley received a mailer from National Vehicle Headquarters at his address in Cook County, Illinois. A copy of this mailer is attached as Exhibit 1, and adopted by reference.

7. In this mailer, Exhibit 1, National Vehicle Headquarters offered to sell Manley an automobile warranty.

8. Upon information and belief, National Vehicle Headquarters accessed Manley's credit report before sending him the mailer, Ex. 1.

9. Manley never authorized any credit-reporting agency to provide any information about him to National Vehicle Headquarters.

10. Manley never authorized National Vehicle Headquarters to obtain any information about him from any credit-reporting agency.

### Permissible Purposes for Use of Consumer Reports Under FCRA

11. The Fair Credit Reporting ("FCRA"), 15 U.S.C. §§ 1681 — 1681x, is a consumer-protection statute that regulates the activities of credit reporting agencies and users of consumer reports, and provides rights to consumers affected by the use of information that is collected about them.

12. The purpose of FCRA is to protect consumers' privacy by safeguarding the confidentiality of the information maintained by consumer reporting agencies. It states, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

13. FCRA protects consumers by prohibiting any release of consumer reports unless the release is for one of the permissible purposes set forth in 15 U.S.C. § 1681b.

14. The permissible purposes set forth in 15 U.S.C. § 1681b include, for the most part, transactions initiated by consumers. For instance, § 1681b(a)(3)

authorizes the use of consumer reports when the consumer has applied for credit, employment, or insurance.

15.  One of the few circumstances in which FCRA allows financial institutions to use consumer reports absent consumers initiating them is when the recipient of the information extends the consumer a "firm offer of credit or insurance … ." 15 U.S.C. § 1681b(c)(1)(B)(i).

16.  FCRA does not authorize the use of consumer reports to extend offers for just any product or service. It authorizes offers *only* for credit or insurance. 15 U.S.C. § 1681b(c)(1)(B)(i).

17.  Count I this lawsuit is not based upon the theory that National Vehicle Headquarters failed to make a "firm offer" of credit or insurance, but rather, it is based upon the theory that National Vehicle Headquarters failed to offer Manley credit or insurance at all.

### Count I — Violation of FCRA By Failing to Offer Manley Credit or Insurance

18.  Manley adopts by reference all preceding allegations.

19.  In its mailer, Exhibit 1, National Vehicle Headquarters offered to sell Manley an automobile warranty.

20.  Automobile warranties are not credit or insurance.

21. While not clear from the face of its mailer, National Vehicle Headquarters offered Manley the option of paying for its automobile warranty with several payments.

22. The option of purchasing warranty service in several payments does not constitute an offer of credit under FCRA because National Vehicle Headquarters was not offering to defer Manley's payment for the warranty service. Instead, National Vehicle Headquarters required that warranty service be provided only after Manley paid for it.

23. In its mailer, National Vehicle Headquarters did not offer Manley credit or insurance as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

24. By failing to include an offer of credit or insurance in its mailer, National Vehicle Headquarters negligently, willfully, and knowingly violated FCRA.

25. For negligently violating FCRA, under 15 U.S.C. § 1681o, National Vehicle Headquarters is liable to Manley for the costs of this lawsuit, and reasonable attorney fees.

26. For willfully and knowingly violating FCRA, 15 U.S.C. § 1681n, National Vehicle Headquarters is liable to Manley for damages of $1,000, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

**FCRA's Authorized Conditions for Firm Offers**

27.     Because financial institutions seeking to extend pre-approved offers of credit or insurance access the consumers private and confidential information without the consumers' approval, FCRA requires that financial institutions must be extending firm offers of credit or insurance. A "firm offer" must be one that "will be honored." 15 U.S.C. § 1681a(*l*).

28.     The Fair Credit Reporting Act expressly authorizes only three exceptions to the firm-offer requirement. That is, notwithstanding the requirement that offers be firm, lenders or insurers are authorized to condition a "firm offer" on either (1) the consumer meeting specific criteria as to creditworthiness or insurability, (2) the consumer continuing to meet the specific criteria used to select the consumer for the offer, or other information bearing on creditworthiness or insurability, or (3) the consumer furnishing any collateral that was a requirement for extension of the credit or insurance. 15 U.S.C. § 1681a(*l*)(1)-(3).

29.     The Fair Credit Reporting Act does not authorize lenders or insurers to impose just any condition on its "firm offer." It only authorizes the three exceptions expressly enumerated in 15 U.S.C. § 1681a(*l*).

30.     In Count II of this lawsuit, Manley alleges that National Vehicle Headquarters violated FCRA because its offers to sell Manley automobile

warranties were not "firm" offers under FCRA because National Vehicle Headquarters included conditions that FCRA does not authorize.

### Count II — Violation of FCRA by Including Unauthorized Conditions on Purportedly "Firm Offer"

31. Manley adopts by reference all preceding allegations.

32. In its mailer, Exhibit 1, National Vehicle Headquarters offered to sell Manley an automobile warranty.

33. Under 15 U.S.C. § 1681a(*l*), National Vehicle Headquarters was authorized to condition a "firm offer" on any of three conditions. The only authorized conditions are the three conditions expressly enumerated at 15 U.S.C. § 1681a(*l*).

34. In the mailer, however, National Vehicle Headquarters conditioned its offer to Manley on, among other things, the make, model, and mileage on Manley's automobile.

35. These are not conditions authorized under 15 U.S.C. § 1681a(*l*).

36. By including these unauthorized conditions, the mailer did not constitute a "firm offer" as required by 15 U.S.C. § 1681b(c)(1)(B)(i).

37. By failing to include a "firm offer" in its mailer, National Vehicle Headquarters negligently, willfully, and knowingly violated FCRA.

38. For negligently violating FCRA, under 15 U.S.C. § 1681o, National Vehicle Headquarters is liable to Manley for the costs of this lawsuit, and reasonable attorney fees.

39. For willfully and knowingly violating FCRA, under 15 U.S.C. § 1681n, National Vehicle Headquarters is liable to Manley for damages of $1,000, punitive damages, the costs of this lawsuit, and reasonable attorney fees.

### Class Allegations for Counts I and II

40. Manley brings Counts I and II against National Vehicle Headquarters on behalf of a class consisting of all persons in Illinois whose consumer reports were obtained by National Vehicle Headquarters without such persons' authorization, and who received mailers from National Vehicle Headquarters similar to Exhibit 1 on or after July 3, 2006.

41. The proposed class is so numerous that joinder of all members is impracticable.

42. There are questions of law and fact common to the class. Common issues include:

   a. Whether National Vehicle Headquarters violated FCRA when, after obtaining consumer reports in connection with transactions not initiated by consumers, offered to sell automobile warranties to the consumers instead of offering credit or insurance to the consumers;

      b.      Whether National Vehicle Headquarters violated FCRA by offering to sell automobile warranties conditioned upon the make, model, and mileage of the consumers' automobiles; and

      c.      Whether National Vehicle Headquarters's violations of FCRA were "willful" within the meaning of the statute.

43. Manley's claims are typical of the claims of the putative class members. All are based on the same legal and factual issues, and Manley has no interests that conflict with the interests of the other class members.

44. Manley will fairly and adequately represent the members of the putative class. Manley has retained counsel experienced in the prosecution of class actions, and Manley is committed to the vigorous prosecution of his claims.

45. A class action is superior for the fair and efficient prosecution of this claim. Class-wide liability is essential to cause National Vehicle Headquarters to stop its illegal conduct. Many class members may be unaware that they have been victims of National Vehicle Headquarters's illegal conduct. For example, many class members may have decided to discard the mailing as "junk mail," and therefore never learn that their credit reports have been accessed for illegal purposes. Furthermore, most individual class members have little ability to take action individually due to the significant costs attendant to litigation compared with the relatively small damages available to individual class members.

**Jury-Trial Demand**

As authorized by the Seventh Amendment to the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Manley, individually, and on behalf of the putative class, demands a trial by jury on all counts.

**Demand for Judgment**

Manley, individually, and on behalf of the putative class, requests that the Court enter judgment in favor of him and the class and against National Vehicle Headquarters that:

    a.    awards all damages available under the Fair Credit Reporting Act, including statutory damages of $1,000 per violation, punitive damages, costs, and attorney fees;

    b.    enjoins National Vehicle Headquarters within Illinois from further violations of the Fair Credit Reporting Act; and;

    c.    provides all other relief to which Manley or the class may be entitled under the evidence.

GREEN JACOBSON & BUTSCH, P.C.

/s/ James J. Simeri
David T. Butsch
James J. Simeri
7733 Forsyth Blvd., Ste. 700
Clayton, MO 63105-2015
314.862.6800
butsch@stlouislaw.com
simeri@stlouislaw.com

and

LAW OFFICE OF JAMES X. BORMES
James X. Bormes
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
312.201.0575
bormeslaw@sbcglobal.net

Attorneys for Plaintiffs

NATIONAL VEHICLE HEADQUARTERS
770 SPIRIT OF ST. LOUIS BLVD.
CHESTERFIELD, MO 63005

Presorted
First Class
US Postage
**PAID**
APC

NOTICE

**NOTICE: VEHICLE WARRANTY EXPIRATION**

☐ Return Receipt Required
☑ Immediate Response Required
☐ Signature Required

*************AUTO**3-DIGIT 606
Justin Manley
1047 W 31st Pl
Chicago, IL 60608-6561

VRA Form 8622-A

RLPCV8.2-3610-T012

**Ex. 1, pg. 1 of 2**

| | | 8622-A |
|---|---|---|
| **ADDRESSEE: COMPLETE THIS SECTION** | | |
| *Notification Detail:* The Factory Warranty on your vehicle has expired or may be expiring soon. Call toll free 1-866-225-7135 today to find out how you can get extended coverage | A. Full Name<br>Justin Manley | |
| | B. Tracking Number<br>803-194-0367 | |
| *Instructions:*<br>■ Gather information for item C, confirming your current mileage and correct VIN.<br>■ Retain this card and have it available when calling the toll-free number below.<br>■ Respond to 1-866-225-7135 | C.<br>VIN# / CURRENT MILEAGE REQUIRED | |
| | D. Regarding Your<br>NOTIFICATION REGARDING VEHICLE PURCHASED RECENTLY. | |

URGENT NOTICE: **CALL 1-866-225-7135**
Have mileage and VIN available at time of call.

Tracking Number: 803-194-0367

If you already paid for extended coverage, disregard this notice.
**Response required on or before April 3.**
Open Monday – Friday 8am to 7pm Central and Saturday 9am - 2pm Central

**Ex. 1, pg. 2 of 2**